**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

    Plaintiff,

        v.

THOMAS L. CARNEY, SR. and
MICHELLE KOLESNIK CARNEY,
husband and wife,

    Defendants.

CIVIL ACTION NO. 3:04-CV-2468

(JUDGE CAPUTO)

**MEMORANDUM**

Before me is the Rule 12(b)(6) Motion to Dismiss of Original Plaintiff, New Jersey Manufacturers Insurance Company ("NJM"). (Doc. 19.) The motion seeks to dismiss the counterclaim filed by the Defendant Thomas L. Carney, Sr. The counterclaim contains nine (9) counts as follows:

    Count I        Breach of Contract - Denial of the subject fire claim;

    Count II       Violation of Pennsylvania Unfair Trade Practices Act and Consumer Protection Law - Denial of subject fire claim;

    Count III      Bad Faith under 42 Pa.C.S.A. § 8371 - RE: denial of subject insurance claim;

    Count IV      Breach of Contract - Cancellation of unrelated automobile policy issued to Thomas L. Carney, Sr.;

    Count V       Withdrawn;

    Count VI      Violation of Pennsylvania Unfair Trade Practices Act and Consumer Protection Law - RE: Cancellation of unrelated automobile policy issued to Thomas L. Carney, Sr.;

    Count VII     Breach of Contract - Non-renewal of homeowner's insurance policy

                issued Thomas L. Carney, Sr. and Michelle Kolesnik Carney;

Count VIII    Violations of Pennsylvania Unfair Trade Practices Act and Consumer Protection Law relative to non-renewal of homeowner's policy issued to Thomas L. Carney, Sr. and Michelle Kolesnik Carney; and

Count IX    Withdrawn.

The motion seeks the dismissal of Counts II, VI, VII and VIII. The matter is now ripe for disposition.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, a court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Electronics v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Mr. Thomas L. Carney, Sr. owned a property in Monroe County, Pennsylvania, and at all times relevant was married to Michelle Kolesnik Carney. The home was insured by a policy issued by the Plaintiff in the name of both of the Carneys.

Approximately a year later, Mr. Carney's home suffered damage from a fire, the estimate of which the Plaintiff placed at $161,067.73. Mr. Carney was paid $9,500.00, and his mortgage company was paid $151,059.75. Plaintiff has subsequently denied Carney's claims.

Plaintiff has not processed the claim on the basis that Mrs. Carney set the fire since the insurance policy is issued in both names, and, as a result, Plaintiff contends that there is no coverage because the policy is a joint policy. In addition, Plaintiff has refused to renew the homeowner's policy and has stated that it is not doing so on the basis that "there is a substantial increase in hazard insured against by reason of willful or negligent acts or omissions by the insured." (Doc. 18-1, ¶50; Doc. 22, Ex. B.)

In addition, Plaintiff cancelled Mr. Carney's automobile insurance policy as a result of the fire claim on the home.

I. **Policy coverage - Joint or Several**

There is an issue in this case as to whether or not Mr. Carney is an innocent co-insured and can therefore recover under the policy. This is as a result of the fact that Mrs. Carney set fire to the home which is titled in Mr. Carney's name only, and for which a damage claim is made under the policy. Whether or not Mr. Carney can recover is dependant on whether or not his interest is joint or several under the policy. The manner in which the real estate is held has been said to be of little significance. *McAlllister v. Millville Mut. Ins. Co.*, 640 A.2d 1283, 1287 (Pa. Super. 1994).

The law in Pennsylvania is clear that the determination "of whether the interests of co-insureds are joint or several (is determined) by examining the terms of the contract of insurance to determine the nature of the coverage provided." *Maravich v. Aetna Life and Cas. Co.*, 504 A.2d 896, 902 (Pa. Super. 1986). *See also Spezialetti v. Pacific Employers Ins. Co.*, 759 F.2d 1139 (3d Cir. 1985). The *Maravich* court cited *St. Paul Fire and Marine Ins. Co. v. Molloy*, 433 A. 2d 1135 (Md. 1981) with approval. *Id*. at 905-06. The St. Paul court noted that "[n]owhere in the policy is the precise nature of either the named insured's interest in the insurance contract or the insured's obligations under that contract specifically defined to be either joint or several." *Id. (quoting St. Paul* at 1142). In light of an ambiguity in the coverage, the *Maravich* court considered respective interests of the parties in the property:

> [With respect to a fire insurance policy covering the interests of more than one insured] 'there is much to commend the view

> that, unless the terms . . . [thereof] are plainly to the contrary . . . the obligation of the carrier should be considered several as to each person insured, and the fraud or misconduct of one insured should not bar recovery by innocent coinsureds to the extent of their respective interests in the property involved.[1]

The *Maravich* court therefore adopted the reasoning of the Maryland court in *St. Paul Fire & Marine Ins. Co.* and determined that where the insured is defined as husband and wife and the policy does not define whether the interest is joint or several, and the exclusionary language does not unequivocally exclude coverage for an innocent spouse in the event the property was burned by one of them, such ambiguities would be construed in favor of the insured. Further, that it was reasonable to conclude under such a policy, the innocent spouse would expect to be indemnified against the loss, and as a result, the court determined that the innocent spouse was entitled to recover one half of the coverage. This in turn was occasioned by virtue of the fact that the property was owned as tenants by the entireties. *Id*. at 907-08.

The instant case differs from *Maravich* and any of the cases discovered in research in that the involved property is owned only by one of the insureds, Mr. Carney. It is not owned by Mr. and Mrs. Carney as tenants by the entireties as was the case in *Maravich*. Here, the policy is in the name of both Mr. and Mrs. Carney. The policy definitions section indemnifies that "you" and "your" refer to the "named insured" shown in the declarations as well as the spouse, if a resident of the household. While I do not have the declaration page(s), I assume the parties agree that both are named on the policy. In any event, Mrs. Carney was a resident of the same household. Therefore, the policy names both Mr. and

---

[1] *Id*. at 906 ((*citing St. Paul* at 1142) quoting *Howell v. Ohio Cas. Ins. Co.*, 327 A.2d 240, 243 (N.J. 1974)).

Mrs. Carney as the insureds.

I. <u>Exclusions</u>

Section 1 - Exclusions

We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause of event contributing concurrently or in any sequence to loss.

e. Neglect, meaning neglect of <u>the</u> insured to use all reasonable means to save and preserve the property at and after the time of loss.

h. Intentional loss meaning any loss arising out of any act committed:

1. By or at the direction of <u>an</u> insured; and,
2. With the intent to cause a loss.

(Doc. 1 at 21) (emphasis added). Those cases which have determined the joint or several status of the policy based on the language of the exclusions have held that the the term "an insured" or "any insured" means that the policy is joint, and the neglect is intentional act of one insured excludes coverage to the innocent co-insured. *See Spezialetti v. Pacific Employers Ins. Co.*, 759 F.2d 1139 (3d Cir. 1985). The Third Circuit Court of Appeals noted that use of the phrase "the insured" in the exclusions "admits to some uncertainty when used in circumstances where the various persons covered by the policy have adverse or joint interests." *Id.* at 1141 ((*citing Giacobetti v. Ins. Placement Facility of Pa.*, 457 A.2d 853 (Pa 1983); *Kellner v. Royal Indem. Co.*, 605 F.Supp. 326 (M.D. Pa. 1984); *Opat v. State Farm Fire and Cas. Ins. Co.*, 542 F.Supp. 1321 (W.D. Pa. 1982)) (allowing recovery to the innocent co-insured where the exclusions contained the phrase "the insured"). Here the phrase "the insured" is used in the neglect exclusion section and the phrase "an insured" is

6

used in the intentional loss exclusion section. (Doc. 1 at 21.) This raises an ambiguity since it is unclear whether the insurer intended coverage for the innocent insured in both cases of neglect and intentional conduct, in either of the cases or in neither of the cases. After all, is there a reason to believe the insurer meant to allow recovery to the innocent insured when there was neglect and not allow it when there was an intentional act? Or is there a reason to believe such a distinction was intended? Did the insurer mean to exclude coverage to the innocent insured in the case of neglect and intentional conduct? Did the insurer mean to allow coverage to the innocent insured in both the case of neglect and intentional conduct? Hence, since there is an ambiguity in the policy, the *Maravich* analysis applies. The policy is not joint and accordingly, Mr. Carney, can recover under the policy as an innocent co-insured.

In this case, the analysis to its extreme dictates all policy proceeds going to Mr. Carney, since he is the sole owner of the involved property. *See Maravich*, 504 A.2d at 907-908. However, Mrs. Carney is a co-insured; she is a resident of the household, named on the policy and thus is covered by the contract of insurance. (Doc. 29 at 2.) It is not contemplated by the insurance contract that she should benefit by her wrongful intentional act. The question remains as to whether the Mr. Carney as the innocent co-insured and sole owner of the property should recover his full property interest or his interest as a co-insured under the insurance policy (i.e. fifty percent of the insurance proceeds).

The Maravich analysis dealt with jointly held property, and it is was in this context that it was held where the policy is ambiguous as to whether it is joint or severable, the proceeds are distributed as the insureds interests appear in the property. Thus, when there is both jointly held property and an ambiguous insurance policy in the names of the joint owners of

the property the interests in the property and under the insurance policy are the same and are distributed accordingly. *Maravich* also noted however, that it is not the respective interests in the insured property but the interests in the policy of insurance which determine the rights of the co-insured. 504 A.2d at 903. "Property ownership . . . is of minimal importance in determining entitlement to the proceeds of insurance, since the nature and extent of the various rights and obligations of the parties are governed by the terms of the insurance contract." *Id.* at 904 (citations omitted). Furthermore, the Superior Court of Pennsylvania has interpreted *Maravich* to hold that "even if a homeowners **policy** is owned by the entireties, an innocent spouse is entitled to fifty percent of the **policy's** value when the other spouse destroys the home by arson." *Bryant v. Girard Bank*, 517 A.2d 968, 978 (Pa. Super. Ct. 1986) (emphasis added).

The fact remains in this situation that even though the property is held by Mr. Carney alone, Mrs. Carney is a co-insured, who by the policy is excluded from coverage by her wrongful intentional act. She is therefore barred from recovering under the policy. Due to the ambiguity of the policy, Mr. Carney can be considered an innocent co-insured and is thus entitled to recover one half of the proceeds under the policy.

II.   **Counterclaim Counts**

   1.   **Count II: UNFAIR PRACTICES**

Counterclaim Plaintiff Mr. Carney claims the processing of the insurance claims constitute fraudulent and/or deceptive conduct under 73 P.S. § 201-02 (4)(xxi).

Counterclaim Defendant NJM asserts that there is no cause of action for the processing and denial of the claim since only malfeasance and nonfeasance gives rise to

a claim under the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("UTPCPL") and cites *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300 (3d Cir. 1995). Mr. Carney points out, however, that the *Horowitz* case involved a motion for summary judgment, meaning that evidence was presented to the court before a decision indicating that there was no claim was granted. I agree with Mr. Carney. At this stage of the proceedings, the allegations are sufficient to withstand a motion to dismiss.

NJM also asserts that Count II does not meet the requirements of Fed. R. Civ. P. 9(b) which states "in all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity."

I am satisfied that the counterclaim pleads fraud with particularity in compliance with Rule 9(b).

### 2.  **Count VI: UNFAIR PRACTICES**

NJM claims that the alleged violations of the UTPCPL regarding the cancellation of an automobile policy issued to him is an act of nonfeasance, rather than malfeasance, and as such the UTPCPL is not applicable.

For the reasons given in the proceeding section of this memorandum, NJM's motion will be denied.

In addition, NJM again asserts that fraud is not pleaded with particularity as required by Fed. R. Civ. P. 9(b). I have reviewed the counterclaim and find that the pleading alleges fraud with sufficient particularity to satisfy Rule 9(b).

### 3. **Count VII: BREACH OF CONTRACT**

NJM moves to dismiss Count VII which a claim of breach of contract for failing to renew the subject homeowner's policy.  This of course is based on NJM's contention that there is a increase in the hazard by reason of willful or negligent act or omission by the insured.  This in turn turns on the question of whether or not Michelle Kolesnik Carney, who set the fire, is an insured under the policy.   Since she is an insured under the policy, it is difficult to find that there has been a breach of contract.  The motion will be granted.

### 4. **Count VIII: UNFAIR PRACTICES**

NJM also seeks to dismiss Count VIII which alleges violations of the UTPCPL for failing to renew the subject insurance policy.  Again, the analysis would be the same as indicated for Count IV, and at this stage of the proceedings a cause of action has been stated.

The same is true with respect to the allegations of fraud.   They are pleaded with sufficient particularity to satisfy Fed. R. Civ. P. 9(b).

### **CONCLUSION**

For the foregoing reasons, the motion to dismiss the counterclaim (Doc. 19) will be granted in part and denied in part.


Date July 26, 2006                             /s/ A. Richard Caputo
                                               A. Richard Caputo
                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS L. CARNEY, SR. and MICHELLE KOLESNIK CARNEY, husband and wife,<br><br>    Defendants. | CIVIL ACTION NO. 3:04-CV-2468<br><br>(JUDGE CAPUTO) |

## **ORDER**

NOW THIS 26th day of July, 2006, the Rule 12(b)(6) Motion to Dismiss of Original Plaintiff, New Jersey Manufacturers Insurance Company (Doc. 19) is **granted** in part and **denied** in part, as follows:

1. The motion is **GRANTED** as to Count VII, and Count VII is dismissed;

2. The motion is **DENIED** in all other respects.

                                             /s/ A. Richard Caputo
                                             A. Richard Caputo
                                             United States District Judge