IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS L. CARNEY, SR. AND MICHELLE KOLESNIK CARNEY, H/W,<br><br>    Defendants. | CIVIL ACTION NO. 3:04-CV-2468<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Before me is Unopposed Motion of Plaintiff, New Jersey Manufacturers Insurance Company, to Reconsider, Vacate, and Withdraw the Order and Opinion of July 26, 2006 Pursuant to F.R.C.P. 54(b) (Doc. 48). It is based on the fact that in my Memorandum and consequent Order of July 26, 2006 wherein I denied Plaintiff's motion to dismiss the counterclaims filed by Defendant Thomas L. Carney, Sr., I did not consider Plaintiff's argument that the concealment and fraud conditions of the operative policy barred recovery. Plaintiff is correct. I failed to consider that particular contention and do so here.

## STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest error of law or fact, or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). The Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the Court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677

(3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Litigants should not use a motion for reconsideration to reargue matters already argued and disposed of by prior rulings or to put forth additional arguments that the litigant neglected to make prior to judgment. *See Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992). In deference to the strong interest in the finality of judgments, courts should grant motions for reconsideration sparingly. *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Here, I failed to consider Plaintiff's contention that the concealment and fraud condition of the policy bars recovery.

## DISCUSSION

**Sections I and II - Conditions** of the policy provide:

> 2. Concealment or Fraud.
>
> a. Under Section I - Property Coverages, with respect to all **insureds** covered under this policy, we provide no coverage for loss under Section I - Property Coverages if, whether before or after a loss, one or more **insureds** have:
>
>> (1) Intentionally concealed or misrepresented any material fact or circumstance;
>>
>> (2) Engaged in fraudulent conduct; or
>>
>> (3) Made false statements;
>
> relating to this insurance.

Plaintiff argues that this provision is not an exclusion, but rather a condition precedent to coverage.

It must be kept in mind that this is a motion to dismiss. The standard is clear. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint,

2

in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

In this case, the operative pleading is the Defendants' Counterclaim, as it contains the counts Plaintiff seeks to dismiss under Fed. R. Civ. P. 12(b)(6).  In particular, it is Count II of the Counterclaim.

The Plaintiff has indicated in its brief that the fraud and concealment condition is joint, *see Strouss v. Fireman's Fund*, 2005 U.S. Dist. Lexis 2639 (E.D. Pa. 2005), and that any misrepresentations by Mrs. Carney binds Mr. Carney and bars recovery by either or both of them.  The brief states that "one and/or both of the Carneys misrepresented the cause and origin of the fire in their home. . ." (Doc. 49, p. 9.)  Statements of facts in briefs are not considered on motions to dismiss.  Further, the Complaint alleges only that Mrs. Carney "admitted to intentionally setting the fire, in order to create a more serious smoke condition relative to the 'puff back' claim."  (Doc. 1, ¶ 13.)

The Counterclaim does not contain any allegations or statements that 1) the Carneys or either of them intentionally concealed or misrepresented any material fact or circumstance; engaged in fraudulent conduct; or made false statements; <u>relating to this insurance</u>.  Indeed, it is not otherwise apparent when considering the standard for a motion to dismiss.  Plaintiff, of necessity, seeks reconsideration on the basis that I can find such conduct from the Defendants' pleadings in this case.  I cannot.  This is a matter for proof, even assuming that I accept that the condition is a joint condition, which I only do *arguendo* for purposes of this motion.[1]

Therefore, because I cannot find that any facts or circumstances alleged by Defendants in their Counterclaim indicate violations of the foregoing conditions of the

---

[1] The issue of whether the condition asserted is joint was not briefed by Defendants.

policy, I will deny the motion for reconsideration.

An appropriate Order follows.

Date: <u>October 6, 2006</u>　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>          v.<br><br>THOMAS L. CARNEY, SR. AND MICHELLE KOLESNIK CARNEY, H/W,<br><br>    Defendants. | CIVIL ACTION NO. 3:04-CV-2468<br><br>(JUDGE CAPUTO) |

## **ORDER**

NOW, this 6th day of October, 2006, IT IS HEREBY ORDERED that the Unopposed Motion of Plaintiff, New Jersey Manufacturers Insurance Company, to Reconsider, Vacate, and Withdraw the Order and Opinion of July 26, 2006 Pursuant to F.R.C.P. 54(b) (Doc. 48) is **DENIED**.

                                                        /s/ A. Richard Caputo
                                                        A. Richard Caputo
                                                        United States District Judge